MORTON
*vs.*
POLLARD, f. w. c.

MORTON *vs.* POLLARD, F. W. C.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
OF THE SECOND PRESIDING.

Where a sum of money is payable on a given day, at a particular place, *demand there* is a condition precedent which the adverse party is bound to allege and prove.

This is an action to recover the sum of six hundred and seventy-five dollars, which the defendant agreed to pay the plaintiff, for building a sugar mill. See the facts of this case reported in 9 *Louisiana Reports*, 174.

The agreement sued on is in writing, in which the defendant promises to pay this money in two instalments, one after the work had commenced, and the other when it was completed; both instalments payable at the Branch Bank of the Union Bank of Louisiana, office at Plaquemine.

The plaintiff alleges, that the defendant has, upon amicable demand, failed and refused to comply with her engagement, &c. He, therefore, prays judgment for the sum of six hundred and seventy-five dollars, with interest and costs.

The defendant admitted the agreement, but denied the right of the plaintiff to recover, and denied that any cause of action was alleged and shown; she then set up other matters in defence.

Upon the trial, the court sustained the plaintiff's right of action, and the case was submitted to a jury, who returned a verdict of three hundred and forty-two dollars for the plaintiff, and from judgment rendered thereon, the defendant appealed.

*Stacy* and *Labauve*, for the plaintiff, argued this case *ex parte*.

1. The court erred in overruling the first exception of defendants, for this, that the obligation is made payable at a

particular place, and it is not alleged that payment has been <span style="float:right">Eastern Dist.<br>*February*, 1837.</span>
demanded at that place.

The denial is repeated in the answer, under the plea of <span style="float:right">Morton<br>*vs.*<br>Pollard, f. w..c.</span>
the general issue: it was a condition precedent, which plaintiff was bound to allege and prove upon trial; he has done neither, and, therefore, cannot recover. *Louisiana Code*, 1899, 1905, 1907, 1908. 3 *Martin, N. S.*, 423.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment which condemns her to pay a sum of money, according to an agreement annexed to the petition.

This agreement shows, that the defendant promised to pay the sum claimed, at the office of the Union Branch Bank, at Plaquemine. There is no allegation in the petition, that the plaintiff called there for the money.

The counsel for the defendant and appellant, has correctly urged that the court erred in overruling his exceptions to the absence of any allegation, and proof of a demand of payment at the place at which, according to the agreement, the defendant bound herself to pay.

> Where a sum of money is payable on a given day, at a particular place, *demand there* is a condition precedent which the adverse party is bound to allege and prove.

The demand at that place, was a condition precedent, which the plaintiff was bound to allege and prove.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court, be annulled, avoided and reversed, and that there be judgment for the defendant, as in case of a non-suit; the plaintiff paying costs in both courts.