Hart and others *v.* Long and another.

---

HYMEN M. HART and others *v.* WILLIAM LONG and another.

Demand of payment and presentment of the note at the place of payment indicated in the instrument itself, are indispensable to a recovery against the maker, and *a fortiori* against the endorser.

Where in an action against the endorser of a note, the plaintiff has been non-suited, in consequence of want of legal demand at the place of payment, and pending a motion for a new trial, the latter, with full knowledge of the circumstances of the demand and of the non-suit, undertakes voluntarily and absolutely to pay, he will be bound.

Where the endorsers of a note, who were partners at the time of endorsement, have been discharged by want of legal demand, a subsequent promise to pay, made by one of them after the dissolution of the firm, will not be binding on the other.

APPEAL from the District Court for the parish of Natchitoches,

*Campbell,* J.  This was an action by Hymen M. Hart, and Abraham C. and Barnett B. Labatt against William Long and Joseph T. Robinson.  There was a judgment of non-suit; a new trial; and a judgment against the defendants, *in solido,* for the amount claimed.  The latter appealed.

MORPHY, J.  The defendants pray for the reversal of a judgment, rendered against them as endorsers on a note of $340, on the ground that no demand was made at the place indicated for payment in the body of the instrument itself.  The note was made payable at the City Bank of New Orleans at Natchitoches, and the deed of protest shows, that the notary demanded payment of the same from the drawer, and was answered that it could not be paid. It is now well settled in this State, whatever may have been the adjudications on this point elsewhere, that a demand of payment and presentment of the note at the place indicated for payment in the instrument, are indispensable to a recovery against the maker. If this be true in a suit against the maker, it is so *à fortiori* in a suit against an endorser, who can be made liable only by strict proof of a legal demand on the maker.  3 Martin, N. S., 423 ; 10 La., 552 ; 12 Id., 472 ; 14 Id., 181 ; 15 Id., 242.

The testimony of the parish judge, who made the protest, was heard below, to explain the circumstances accompanying the demand made on the drawer of this note.  Even if his testimony were legal, which may well be doubted, it is entirely too vague and uncertain to be of any weight.  He states that the note was not, he thinks, given to him for protest at the Bank ; that he thinks, the cashier gave it to him at his office, and from the phraseology of the demand in the protest, he thinks, that the maker replied that the note need not be presented at the Bank, that it would not be paid,— that this is his impression.

Such testimony adds little to the protest, which is clearly insufficient to charge the endorsers.  But it appears, that pending an application for a new trial of this case below, in November last, the attorney of plaintiffs told Robinson, one of the defendants, that if the new trial was refused, he would appeal.  That Robinson replied, that it would not be worth while ; that Charles A. Bullard, the maker, had promised to make some arrangements, and that he would pay in January or February following ; and that when this promise

was made, the attorney explained to Robinson, why the plaintiffs had been non-suited, telling him, that it was because the demand of payment had been made of the maker, and not at the Bank. It appears that when plaintiffs' attorney called again on Robinson, he then said, he had understood his first promise as being conditioned upon the promise of Bullard, that the latter had failed to make arrangements, and that the matter must take its course according to law. The attorney declares, that he understood the promise of Robinson to be unconditional. Robinson has, in our opinion, rendered himself liable by this promise. With a full knowledge of all the circumstances of the demand, and of the nonsuit, which had been entered up against the plaintiffs, he voluntarily and absolutely undertook and bound himself to pay the debt within a given time, and seemed desirous of putting a stop to all further litigation about it. The circumstance that the maker had promised to make arrangements, seems to have been mentioned by him rather as the inducement, which led him to make the promise, than as a condition on which it was to depend; and the witness declares, that the promise was by him understood to be absolute and unconditional. This promise can be binding, however, only on Robinson himself, because the evidence shows, that at the time this conversation took place, the commercial partnership, which had before existed between the defendants, was dissolved.

It is therefore ordered, that the judgment of the District Court be affirmed with costs as against Robinson, and that it be reversed as against Long, the plaintiffs and appellees paying his costs in both courts.

*Boyce,* for the plaintiffs.

*Hertzog* and *Tuomey,* for the defendants.