No. 1427.—ROBERT B. MITCHELL *v.* JOHN YOUNG et als., CATHERINE GLYNN.

Want of due diligence in making demand of the maker of a promissory note at maturity will discharge the endorser.

A promise by the endorser to pay the note, made in ignorance of his discharge, will not bind him.

APPEAL from the Third District Court of New Orleans.   *Fellowes,* J.   J. B. Cotton, for plaintiff and appellee.   *E. C. Kelly,* for defendants and appellants.

HOWE, J.   The defendant, Mrs. Glynn, has appealed from a judgment rendered against her as indorser of a promissory note made *in solido* by John Young and others.

Her defense is that due demand was not made of the makers at maturity, and that as indorser she is therefore discharged.

It appears that the makers were steamboat men, and that they were absent from New Orleans (where the note was dated and signed) at the time of its maturity.   It is plain, however, that two of them had families and all places of residence in this city.   One of them was the son-in-law of the appellant, and with his family resided at her house.   The others lived in the neighborhood, and the residences of all might have been ascertained by inquiry of the indorser.   From the fact that the notary served the notice of protest on the indorser personally, we infer that he might as readily have made inquiry of her as to the whereabouts of the makers—a demand from any one of whom would have been sufficient.   1 R. 119.

The notary in his certificate of protest states that he made search and diligent inquiry for the makers, but could not find them or any other person that would pay the note for their account. On being examined as a witness for plaintiff, however, he states:

"I made inquiry for the makers, and was informed that the makers were steamboat men. Do not remember who gave me this information. I found parties who said they knew the makers, and from them I learned that they were steamboat men. In protesting this note I used the same diligence I do in all cases. I infer that the parties of whom I made inquiry knew the makers, from the fact of their stating that they were steamboat men. I do not remember whether I called on the indorser or not previous to delivering notice of protest. * * * I protested the note at the request of Mr. Barker. He gave me no instructions. I did not know to whom the note belonged."

We think it clear that due diligence was not used in this case to find the makers of this note or some one of them, and make a demand of payment. 4 U. S. 186 ; 1 Parsons on Notes 459, and notes ; 1 Gray 175 ; 6 Met. 290 ; 5 Duer 82.

It is urged by plaintiff that after protest the indorser repeatedly promised to pay the note. It does not appear, however, that this promise was made by her with knowledge that she had been discharged, and proof of such knowledge is indispensable to establish her liability. 13 L. 368 ; 1 Rob. 83 ; 17 L. 386 ; 7 R. 334 ; 5 A. 12.

We are of opinion that the liability of the indorser is not established by the record.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed as to the defendant, Catherine Glynn, and that there be judgment against the plaintiff as in case of non-suit, plaintiff to pay the costs in both courts.